UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE No. 2:13-cr-224 |
| VERSUS | : | JUDGE MINALDI |
| SETH RYAN BIVENS | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Seth Ryan Bivens. Doc. 72. The government has filed a response in opposition and Bivens has filed a reply. Docs. 82, 83. Accordingly, the matter is now ripe for review.

This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under § 2255(f).

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Bivens was convicted in this court of one count of receiving child pornography, a violation of 18 U.S.C. § 2252A(a)(2)(A), on November 1, 2013. Docs. 25, 26; *see* doc. 1 (indictment). He was sentenced on October 16, 2014, to a 188 month term of imprisonment, and the remaining counts of the indictment, which all related to child pornography, were dismissed at the government's motion. Docs. 46, 48. Bivens filed a timely notice of appeal,

pro se, but his appeal was dismissed by the Fifth Circuit for want of prosecution on December 4, 2014. Docs. 50, 54. He then filed a second pro se notice of appeal on April 30, 2015. Doc. 59. This appeal was dismissed by the Fifth Circuit for want of prosecution on June 16, 2015, then reopened on July 28, 2015, before being dismissed a final time – again, for want of prosecution – on November 18, 2015. Docs. 64, 65, 70.

Bivens filed the instant pro se motion to vacate on November 1, 2016. *See* doc. 72, p. 13 (filing date). He seeks relief based on multiple claims of ineffective assistance of counsel and an allegation that the Sentencing Guidelines provision applicable to his conviction violates the Eighth Amendment. Doc. 72, att. 1. He requests an evidentiary hearing in connection with his claims. *Id.*

## II.
### LAW AND ANALYSIS

#### A. *Scope of Review*

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[1] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

A motion filed under § 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially

---

[1] The following claims are authorized under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). A judgment becomes final, under this section, when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 123 S.Ct. 1072, 1075–76 (2003).

The limitations period for § 2255 motions is not a jurisdictional bar, and is therefore subject to equitable tolling. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). It "is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

### B. *Application*

The government asserts that this motion should be denied as time-barred. It notes that the limitations period must run in this case from the date on which the judgment of conviction became final, and asserts that the conviction became final in this matter on March 4, 2015, ninety days after the Fifth Circuit's dismissal of Bivens' first appeal, when his time for filing a petition for writ of certiorari in the United States Supreme Court expired. Sup. Ct. R. 13; *see, e.g.*, *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). It also notes that, under Federal Rule of Appellate Procedure 4, Bivens' second notice of appeal was untimely and that a criminal defendant is only entitled to one direct appeal as a matter of law. Doc. 82, pp. 17–23.

We agree. Bivens' untimely second notice of appeal did not change the date on which his conviction became final. "[T]he mere filing of a late notice of appeal is not sufficient . . . to render a conviction nonfinal for purposes of § 2255." [2] *Johnson v. United States*, 457 Fed. App'x 462,

---

[2] In *Johnson*, the Sixth Circuit ultimately dismissed the defendant's second attempt at appeal as untimely, six weeks after it was filed. 457 Fed. App'x at 463. The court noted that, under *Jimenez v. Quarterman*, 129 S.Ct. 681 (2004),

-3-

465 (6th Cir. 2012). "If the filing of an untimely notice of appeal reset the running of the limitations period, the statute of limitation[s] . . . would be rendered . . . meaningless." *Id.* at 466. In this matter, however, Bivens has claimed ineffective assistance of counsel based, in part, on his attorney's failure to file a notice of appeal after being instructed to do so. Doc. 72, att. 1. The Fifth Circuit notes, however, that a defendant cannot show prejudice on such a claim if his right to appeal is otherwise preserved. *See United States v. Smith*, 143 Fed. App'x 559, 561 (5th Cir. 2005) (defendant not prejudiced by counsel's failure to file a notice of appeal, because he filed a timely pro se notice and so preserved his right to appeal). In this matter, Bivens did timely file a first notice of appeal and then abandoned the matter after electing to proceed pro se.

Accordingly, it was ultimately Bivens' own failure in not submitting this motion any sooner after his notice of appeal was dismissed that has led to the timeliness issues for this motion. We find no basis for considering that his conviction was not rendered final when he abandoned his first attempt at an appeal. Instead, we must look for an excuse to the time limit under the doctrine of equitable tolling.

As noted above, equitable tolling applies only in rare and exceptional circumstances. The petitioner bears the burden of showing that equitable tolling is appropriate, and must demonstrate (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way of timely filing his motion. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). The Fifth Circuit has held "that mere attorney error or neglect is not such an extraordinary circumstance that equitable tolling is justified." *Cousin*, 310 F.3d at 849. Thus, even if counsel's failure to provide further assistance in the notice of appeal did constitute ineffective assistance, it

---

that a conviction is rendered nonfinal "during the pendency of a reopened appeal" when a state court actually does reopen direct review. *Id.* at 465–66. It went on to distinguish its own dismissal of the case, finding that direct review had never been reopened. *Id.* at 466. Given the Fifth Circuit's disposition of Bivens' second attempt at appeal, this matter is analogous to *Johnson*.

would not automatically justify equitable tolling. *Bartee v. Quarterman*, 2009 WL 856906, at *3–*4 (N.D. Tex. 2009).

Bivens provides no excuse for his failure to timely file this motion after his notice of appeal was dismissed. He had one year from March 4, 2015, to timely file his § 2255 motion. Instead, he filed a second notice of appeal and then inexplicably abandoned that effort. His decision to file a second notice of appeal after his time for filing a petition for writ of certiorari expired and his limitations period began to run did not render his conviction non-final or reset the limitations period under § 2255(f). Thus, he fails to show that he was pursuing his rights diligently and this motion – filed nearly eight months after his limitations period expired on March 4, 2016 – must be denied as time-barred. Because there is no basis for reaching the merits of Bivens' claims, his requested evidentiary hearing should likewise be denied.

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant § 2255 motion [doc. 72] be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE